**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4362**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY JAMAAL LEE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (4:19-cr-00087-BO-1)

_____

Submitted:  October 31, 2022                              Decided:  January 3, 2023

_____

Before DIAZ, HARRIS, and RUSHING, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF**: Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Jamaal Lee pled guilty pursuant to a written plea agreement to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). As part of his plea agreement, Lee agreed to waive the right to appeal his convictions and sentence except on the grounds of ineffective assistance of counsel or prosecutorial misconduct. The district court sentenced Lee to concurrent terms of 57 months' imprisonment. Counsel for Lee has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Lee knowingly and voluntarily waived his right to appeal his sentence and whether the district court fully advised Lee of his remaining appellate rights at his sentencing hearing and imposed a procedurally and substantively reasonable sentence. Although informed of his right to do so, Lee has not filed a pro se supplemental brief. The Government moves to dismiss the appeal as barred by the appeal waiver included in Lee's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that

2

Lee's guilty plea was knowing and voluntary and that he knowingly and intelligently waived his right to appeal his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of the appeal waiver.[*]  We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope.  We affirm the remainder of the judgment.  This court requires that counsel inform Lee, in writing, of the right to petition the Supreme Court of the United States for further review.  If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lee.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[*] To the extent Lee argues that the district court failed to inform him of his limited appellate rights in compliance with Fed. R. Crim. P. 32(j), *see United States v. Marsh*, 944 F.3d 524, 528-29 (4th Cir. 2019) (explaining that court must comply with Rule 32(j)(1) despite appeal waiver in plea agreement), Lee cannot show prejudice based on this omission because he timely appealed.

3